LAW OFFICE OF KEVIN T. FLOOD, ESQ., LLC
181 Route 206
Hillsborough, N.J. 08844
Phone: (908) 705-2623
Fax:    (866) 900-9305
Attorneys for Plaintiff, Mario Rosario
I.D. No.  005662003

| | |
|---|---|
| Mario Rosario,<br><br><br><br>                Plaintiff,<br>        v.<br><br><br>Officer Carmelo Jimenez, Officer Jessica De Jesus, Special Agent Jeffrey Varon, JOHN DOES 1-29 (Fictitious Individuals), City of Perth Amboy, Perth Amboy Police Department, ABC CORPS 1-30 (Fictitious Corps), Jointly and Severally, Official and Individual Capacities.<br><br>                Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>DOCKET NO:  2:19-cv-16700 (JM-JBC)<br><br><br>CIVIL ACTION<br><br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Mario Rosario, who resided in Edison, NJ, and whose business was/is located at 266 Fayette Street/351 Elm Street, Perth Amboy, NJ at the time this incident occurred, by way of complaint against the Defendants says:


## JURISDICTION

1.      This Court has jurisdiction over Plaintiff's New Jersey state law claims under the New Jersey Civil Rights Act and has Jurisdiction to hear Plaintiff's Federal Civil rights claims.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4), in that claims are brought under 42 U.S.C. §1983 for the redress of rights secured by the Fourteenth Amendment to the United States Constitution. Plaintiff's claims for compensatory and punitive damages are authorized by 42 U.S.C. §1983; N.J. Const. art.

I,¶ 1; and N.J.S.A. §§10:6-2, 59:1-2, 59:8-3, 59:9-4.   If removed, This Court has supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to 28 U.S.C. §1367(a).

2.      Plaintiff's claims for attorney's fees are authorized by 42 U.S.C. §1988; N.J. Const. art. I,¶ 1; and N.J.S.A. §§10:6-2, 59:9-5.

3.      Plaintiff's claims for costs are authorized by Fed. R. Civ. P. 54(d)(1) and N.J.S.A. §10:6-2(f).

4.      Plaintiff's claims for civil penalties are authorized by N.J.S.A. §10:6-2(e).

5.      Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§2201-2202; 42 U.S.C. §1983; N.J. Const. Art. I,¶ 1; and N.J.S.A. §§10:6-2.

## STATEMENT OF PRELIMINARY FACTS

6.      Plaintiff Mario Rosario (hereinafter "Plaintiff Rosario") is a citizen of the United States and was a resident of the Township of Edison, Middlesex County, State of New Jersey, and owner of a business along with several properties in the City of Perth Amboy at the time of this incident.

7.      This is an action brought for the violation of Plaintiff Rosario's civil rights under New Jersey and Federal Law and based upon the excessive, unjustified and unreasonable use of force inflicted on Plaintiff Rosario's person during an unlawful seizure and/or arrest of his person, along with an illegal search of his person and business by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon of the Department of Homeland Security, and/or other law enforcement officers (state

2

and/or federal) JOHN DOES 1-29 (Fictitious Individuals), and the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps).

8.    Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), will at times herein be referred to collectively as "Defendants."

9.    Defendant(s) City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) will at times herein be referred to collectively as "Entity Defendants."

10.    Plaintiff Rosario brings this civil rights action for compensatory and punitive damages, attorney fees, costs, as well as declaratory and injunctive relief, for injuries suffered as a consequence of the excessive, unjustified and unreasonable use of force inflicted on Plaintiff Rosario's person during an unlawful seizure and/or arrest of his person, along with an illegal search of his person and business by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), and the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps).

11.    Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), were at all times mentioned herein duly appointed and acting police

3

officers of the City of Perth Amboy, the Perth Amboy Police Department and/or other state and/or federal law enforcement agencies, and were at all times herein acting in such capacity as the agents, servants and/or employees of the City of Perth Amboy, Perth Amboy Police Department and/or other state and/or federal law enforcement agencies, while acting under the color of state and/or federal law.

12.   Defendant(s) Special Agent Jeffrey Varon  was at all times mentioned herein duly appointed and an acting law enforcement member of the Department of Homeland Security, a federal law enforcement agency, and was at all times herein acting in such capacity as the agent, servant and/or employee of the Department of Homeland Security, while acting under the color of state and/or federal law.

13.   Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) and City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) were acting in supervisory capacities during said incident, while acting under color of state and/or federal law.

14.   The City of Perth Amboy is a duly designated municipality of the State of New Jersey, under the laws of the State of New Jersey.

15.   The Department of Homeland Security is a cabinet department formed under the federal government.

16.   At all times relevant hereto, Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals)

and City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) were responsible for the training, supervision, conduct and discipline of Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals).

17.    Suit is brought against all individually named Defendant(s) in their personal and/or individual and/or official capacities.

18.    At all relevant times hereto, all named Defendant(s) herein were acting under color of law, pursuant to statutes, constitutions, ordinances, regulations, polices and customs of the State of New Jersey and the United States.

19.    Plaintiff Rosario has been a self-employed auto repair mechanic in the City of Perth Amboy for over fifty (50) years.

20.    Plaintiff Rosario owns several properties in the City of Perth Amboy.

21.    Plaintiff Rosario has no criminal record and has been an outstanding member of the Perth Amboy community for over fifty (50) years.

22.    Plaintiff Rosario's auto repair shop is located at 266 Fayette Street/351 Elm Street, Perth Amboy, NJ.

23.    On July 6, 2017, Plaintiff Rosario was illegally and unlawfully seized and/or arrested by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals).

24.    During Plaintiff Rosario's illegal and unlawful seizure and/or arrest, he was assaulted by law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals).

25.    On July 6, 2017, Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), entered Plaintiff Rosario's auto repair shop and confronted him by pointing a gun at his face and telling him to get down on his knees.

26.    Plaintiff Rosario was given no reason why he was requested to do so.

27.    The same officers forced Plaintiff Rosario's hands behind his back by twisting his arm, and then pushing him to the floor and handcuffing him behind his back.

28.    Plaintiff Rosario continually informed Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) that the officer who was handcuffing him was hurting him, and that he was just operated on the side of his chest to replace the battery on his defibrillator; these Defendants ignored Plaintiff Rosario's pleas that they were hurting him.

29.    Plaintiff Rosario again informed Defendants the officer who was handcuffing him was hurting him, and that he was just operated on the side of his chest to replace the battery on his defibrillator; these Defendants again ignored Plaintiff Rosario's plea to stop because of the pain that was being inflicted on him.

30.    Defendants did not conduct a Terry pat-down search for weapons prior to illegally and unlawfully seizing and/or arresting Plaintiff Rosario.

31.    It was after Defendants illegally and unlawfully seized and/or arrested Plaintiff Rosario by placing him in handcuffs that they illegally searched his person and removed items from Plaintiff Rosario's pockets, such as a telephone.

32.    Defendants did not have an arrest warrant for Plaintiff Rosario when they illegally and unlawfully seized and/or arrested Plaintiff Rosario.

33.    No evidence of illegal activity was seized prior to Plaintiff Rosario being illegally and unlawfully seized and/or arrested.

34.    Plaintiff Rosario is an octogenarian with a heart condition, has no criminal record, has been an outstanding member of the Perth Amboy community for over fifty (50) years, and there was absolutely no indication whatsoever that he was a threat to any member of law enforcement prior to being illegally seized and/or arrested.

35.    Defendants did not have a search warrant for Plaintiff Rosario's property when they entered his auto repair shop and pointed a gun to his face.

36.    Defendants did not have an arrest warrant for Plaintiff Rosario when they entered his auto repair shop and pointed a gun to his face.

37.    Plaintiff Rosario was not 'free to leave,' and was under arrest from the point Defendants entered Plaintiff Rosario's auto repair shop and confronted him by pointing a gun to his face and telling him to get down on his knees.

38.    No probable cause existed for Plaintiff Rosario's arrest.

39.    No probable cause existed to search Plaintiff's Rosario's property.

40.    While Plaintiff Rosario was in handcuffs and in pain from the illegal and unlawful excessive force being employed on Plaintiff Rosario, Defendants made him sign a paper

for the search of his auto repair shop and stated to him that if he did not sign the paper they would arrest him.

41.    Defendants searched Plaintiff Rosario's property along with several police dogs and did not find one illegal piece of evidence.

42.    No weapons were ever found or removed as part of any illegal search of Plaintiff Rosario's person or business.

43.    Once Defendants completed their search without finding anything illegal on Plaintiff Rosario's person or his property, they released Plaintiff Rosario and left without saying a word.

44.    As a result of the excessive, unjustified and unreasonable use of force, Plaintiff Rosario sustained multiple injuries, which includes, but is not limited to the following: Plaintiff Rosario just had surgery to replace the battery on his defibrillator and when Defendants pulled his arms behind his back, it caused him great pain where the surgery wounds were still fresh; Plaintiff Rosario's shoulders were in severe pain due to the way he was forced down to the floor; Plaintiff Rosario still has severe pain in his shoulders and ligaments which still requires the care of a doctor.

45.    Plaintiff Rosario owns several pieces of property in Perth Amboy, has no type of criminal history, had a great reputation among the citizens of Perth Amboy, and this incident has caused him severe bodily injury, humiliation, harassment, embarrassment and emotional distress.

46.    No Defendant[s] intervened to stop the assault or illegal search of on Plaintiff Rosario or his business.

47.     No Defendant[s] ordered or conducted an investigation into the injuries Plaintiff Rosario sustained from Defendants.

48.     No Defendant[s] would identify themselves to Plaintiff Rosario or leave their names for Plaintiff Rosario.

49.     Plaintiff Rosario knows Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus from being involved in the Perth Amboy community.

50.     Defendants will not provide information as to the identities of the remaining Individuals who used excessive, unjustified and unreasonable force on Plaintiff Rosario's person and/or engaged in the unlawful seizure and/or arrest of his person, along with the illegal search of his business.

### Count One
### Section 1983 Excessive Force; Unlawful Search; Unlawful Seizure and/or Arrest.

51.     Plaintiff incorporates herein by reference hereto the allegations above as if set forth herein at length.

52.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon, and/or JOHN DOES 1-29 (Fictitious Individuals) utilized excessive, unjustified and unreasonable force upon Plaintiff Rosario's person.

53.     Under the circumstances, the conduct of Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon, and JOHN DOES 1-29 (Fictitious Individuals) was unreasonable and caused Plaintiff Rosario harm and physical injuries.

54.     The aforementioned conduct of Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey,

and/or Special Agent Jeffrey Varon, and/or JOHN DOES 1-29 (Fictitious Individuals) is in violation of Plaintiff Rosario's right to liberty, freedom from excessive and unreasonable use of force, and was committed under color of state and/or federal law.

55.    Plaintiff Rosario sustained harm and was deprived of his rights to be secure in his person against unreasonable searches of his person and/or property, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

56.    Plaintiff Rosario sustained harm and was deprived of his right to be secure in his person against unreasonable seizures and/or arrests of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

57.    As a direct and proximate result of the excessive, unjustified and unreasonable use of force, and the unlawful and illegal search, seizure and/or arrest of Plaintiff Rosario by Defendant(s) as set forth herein, Plaintiff Rosario suffered bodily injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

58.    By reason of the above, Plaintiff Rosario was injured, suffered great mental anguish, and was deprived of his constitutional rights set forth above.

       **WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, including JOHN DOES 1-29, and ABC CORPS 1-30, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental,

nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief, and (8) such other and further relief as the court shall deem equitable and just.

**Count Two**
**Section 1983 Failure to Intervene**

59.     Plaintiff Rosario incorporates herein by reference hereto the allegations above as if set forth herein at length.

60.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), were at all times mentioned herein duly appointed and acting police officers of the City of Perth Amboy, the Perth Amboy Police Department and/or other state and/or federal law enforcement agencies, and at all times mentioned herein were acting under color of state and/or federal law.

61.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) had a duty to intervene in the unjustified assault and unlawful use of force on Plaintiff Rosario by Defendants.

62.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) had a duty to intervene in the unjustified search, seizure and/or arrest of Plaintiff Rosario by Defendants.

63.     The unjustified assault and unlawful use of force on Plaintiff Rosario by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special

Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) deprived Plaintiff Rosario of his right to liberty, freedom from excessive and unreasonable use of force, and was committed under color of state law.

64.    The unjustified search, seizure, and/or arrest of Plaintiff Rosario by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) deprived Plaintiff Rosario of his constitutional rights, and was committed under color of state and federal law.

65.    Plaintiff Rosario sustained harm and was deprived of his rights to be secure in his person against unreasonable search and seizure of his person and property, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

66.    Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) had a reasonable opportunity to intervene in the illegal and unjustified search, seizure, arrest, assault and excessive use of force on Plaintiff Rosario by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), and failed to intervene.

67.    As a direct and proximate cause of Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals)

failure to intervene, Plaintiff Rosario suffered physical injury, medical expenses and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. 1983.

     **WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, including JOHN DOES 1-29, and ABC CORPS 1-30, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief, and (8) such other and further relief as the court shall deem equitable and just.

**Count Three**
**Section 1983 Supervisory Liability**

68.    Plaintiff Rosario incorporates herein by reference hereto the allegations above as if set forth herein at length.

69.    Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) were supervisory officials and/or officers in charge at the time Plaintiff Rosario was harmed.

70.    Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal)

JOHN DOES 1-29 (Fictitious Individuals) had a duty to prevent subordinate officers from violating the constitutional rights of Plaintiff Rosario.

71.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) had knowledge of and acquiesced in his/her subordinate's violation of Plaintiff Rosario's constitutional rights.

72.     As a direct and proximate cause of Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) as set forth herein, Plaintiff Rosario suffered physical injury, medical expenses and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 USC 1983.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, including JOHN DOES 1-29, and ABC CORPS 1-30, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief, and (8) such other and further relief as the court shall deem equitable and just.

## Count Four
### (Unlawful Policy, Custom, Practice, Inadequate Training, Failure to Discipline.)

73.    Plaintiff Rosario incorporates herein by reference hereto the allegations above as if set forth herein at length.

74.    Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) are vested with the authority to make policy on the use of force, searches of persons and property, effectuating arrests, police citizen encounters, training and discipline.

75.    At all times mentioned herein, Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), as police officers, agents, servants and/or employees of Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps), and were acting pursuant to the official policy, practice or custom of the "Entity Defendants."

76.    Acting under color of law pursuant to official policy, practice, or custom, Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and/or discipline, on a continuing basis Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2)

intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests; (6) conducting unlawful searches and/or seizures of persons and/or properties; and/or (7) using unreasonable and excessive use of force.

77.    Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) were aware of numerous similar police citizen encounters involving Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or official records; made false arrests, mishandled and/or withheld evidence and/or conducted unlawful searches of persons and/or properties; used unreasonable and excessive force on citizens/arrestees.

78.    Despite their awareness, Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) failed to employ any type of corrective or disciplinary measures against Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals).

79.    Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals)on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore, were about to be committed.

80.    Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps) had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

81.    Defendant(s) the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps), directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant(s) Officer Carmelo Jimenez and Officer Jessica DeJesus, and other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) heretofore described.

82.    As a direct and proximate result of the acts and/or omissions of Defendant(s) as set forth herein, Plaintiff Rosario suffered physical injury, medical expenses and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

17

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, including JOHN DOES 1-29, and ABC CORPS 1-30, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief, and (8) such other and further relief as the court shall deem equitable and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### Count Five
### Violation of New Jersey Civil Rights Act (NJCRA)

83. Plaintiff Rosario incorporates herein by reference hereto the allegations above as if set forth herein at length.

84. The excessive force used by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), and the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps), as set forth at length above, deprived Plaintiff Rosario of his constitutional right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the

Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et. seq. ("The New Jersey Civil Rights Act").

85.     The unlawful search, seizure and/or arrest of Plaintiff Rosario by Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus of the Perth Amboy Police Department, State of New Jersey, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals), and the City of Perth Amboy, Perth Amboy Police Department, and other law enforcement agencies (state and/or federal) ABC CORPS 1-30 (Fictitious Corps), as set forth at length above, deprived Plaintiff Rosario of his constitutional right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et. seq. ("The New Jersey Civil Rights Act").

86.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) failure to intervene, as set forth at length above, deprived Plaintiff Rosario of his constitutional rights under the Constitution of the United States and the Constitution of the State of New Jersey, and in violation of N.J.S.A. 10:6-1, et. seq. ("The New Jersey Civil Rights Act").

87.     Defendant(s) Officer Carmelo Jimenez, and/or Officer Jessica DeJesus, and/or Special Agent Jeffrey Varon, and/or other law enforcement officers (state and/or federal) JOHN DOES 1-29 (Fictitious Individuals) failure to supervise, as set forth at length above, deprived Plaintiff Rosario of his constitutional rights under the Constitution of the

United States and the Constitution of the State of New Jersey, and in violation of N.J.S.A. 10:6-1, et. seq. ("The New Jersey Civil Rights Act").

88.     Entity Defendants' Unlawful Policy, Custom, Practice, Inadequate Training, and Failure to Discipline, as set forth at length above, deprived Plaintiff Rosario of his constitutional rights under the Constitution of the United States and the Constitution of the State of New Jersey, and in violation of N.J.S.A. 10:6-1, et. seq. ("The New Jersey Civil Rights Act").

89.     As a direct and proximate result of the aforesaid acts and/or omissions of all named Defendant(s), Plaintiff Rosario suffered physical injury, medical expenses and mental anguish.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, including JOHN DOES 1-29, and ABC CORPS 1-30, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief, and (8) such other and further relief as the court shall deem equitable and just.

### Count Six
### Civil Conspiracy

90.     Plaintiff Rosario incorporates herein by reference hereto the allegations above as if set forth herein at length.

91.     Defendants engaged in a civil conspiracy of an after the fact cover up, and/or civil conspiracy of silence to deprive Plaintiff Rosario of his civil rights which include, excessive force, and/or unreasonable search and seizure, and/or his Due Process Right to be heard in an impartial forum and/or the right of access and/or seek redress from the courts.

92.     As a direct and proximate result of the acts and/or omissions of Defendant(s) as set forth herein, Plaintiff Rosario suffered physical injury, medical expenses and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983, and under the Constitution of the State of New Jersey, and in violation of N.J.S.A. 10:6-1, et. seq. ("The New Jersey Civil Rights Act").

        **WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, including JOHN DOES 1-29, and ABC CORPS 1-30, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief, and (8) such other and further relief as the court shall deem equitable and just.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury of six (6) persons on all triable issues within the Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, plaintiffs designate Kevin T. Flood, Esq., as trial counsel in this case.

## DEMAND FOR INTERROGATORIES

**DEMAND** is hereby made of Defendants for certified answers to interrogatories which shall be served upon Defendants upon each Defendant answering.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION PURSUANT TO RULE 4:5-1

**KEVIN T. FLOOD** certifies as follows:

The matter in controversy is not the subject of any other action pending in any other **CIVIL** Court or of a pending arbitration, and no such other action or arbitration proceeding is contemplated.

I further certify that I am not aware of any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b).

The foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF KEVIN T. FLOOD, LLC
Attorneys for Plaintiffs,

By: S/ Kevin T. Flood
      KEVIN T. FLOOD, ESQ.

Dated:  July 27, 2020